IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-0077-05






THE STATE OF TEXAS



v.



RICHARD RAYMOND DIXON, II, Appellee






On Discretionary Review of Case 06-03-00217-CR of the


Sixth Court of Appeals


Lamar County






 Womack, J., filed a dissenting opinion, in which Keller, P.J., and Keasler, J., joined.



 As the Court's opinion points out, ante at 6-7, the Court of Appeals' opinion fell into the
ditch by attributing more importance to the issue of the officers' delay in stopping the appellant
than the record will bear. I fear that this Court's opinion may be running into the ditch on the
other side of the road.

 As the Court's opinion says, ante at 5, we should "give almost total deference to a trial
court's express or implied determination of historical facts and review de novo the trial court's
application of the law  to those facts."

 I agree with the Court's statement, ante at 8: "The trial judge made it clear that he
believed the turns made by appellee were lawful, so no traffic violation was committed and the
stop was not valid." That belief was expressly stated at the beginning of the trial court's Finding
of Fact and Conclusion of Law Number 7, ante at 3: "The right hand turn and the left hand turn
were lawful turns ."

 The problem, with which this Court's opinion does not deal, is that we cannot tell
whether the trial judge's belief was a finding of fact, to which we owe almost total deference, or
a conclusion of law, to which we owe none.

 If Number 7 was a finding of fact that the turns were legal because the appellee did signal
his intention to turn each time, we are bound to accept that finding. But is it not remarkable that
the word "signal" appears nowhere in the findings of fact and conclusions of law?

 Is the Court overlooking the significance of the rest of the words in Number 7? "The
right hand turn and the left hand turn were lawful turns from designated turn lanes that allowed
those lanes to be used for turn only." Do those words not suggest that the trial court concluded,
as a matter of law, that a driver may turn from a dedicated turn lane without signaling? Such a
conclusion would be reviewed de novo.

 Are not the trial court's oral statements more consistent with a conclusion of law than a
finding that the officers were lying about the absence of turn signals? The judge said (see ante at
7):

 Even though they may be testifying they stopped him for a traffic offense, the
court's not bound by that. I don't care what they say they stopped him for. If I find
there was an legal [illegal?] basis for it, I think that's what I have to make my
ruling on. It seems to me that the traffic stop, if the facts you recite are correct and
he made two turns from dedicated turn lanes on the light, I would not think there
was any valid traffic stop.


I have inserted the word "illegal" in the third sentence because it seems more likely to be what
the judge said, in light of the fourth sentence. And the fourth sentence is consistent with a
conclusion of law about the requirement to signal from a dedicated turn lane, and inconsistent
with a finding of fact that the appellant did signal.

 The case well could turn on a conclusion of law, not a finding of fact. The question could
be resolved easily by a remand to the trial court.

 I respectfully dissent.


Filed February 15, 2006.

Publish.